FILED
U.S. DISTRICT COURT
2015 MAY 28 A 11: 45
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. ENGLAND, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY, a Delaware corporation, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company, SWIFT TRANSPORTATION SERVICES, LLC, a Delaware limited liability company, JOHNNY FOWLER, an individual, KEVIN WHITLEY, an individual, ALFONSO RUIZ, an individual, AKIMA BROOKS, an individual, ANDERSON COMER, an individual, and JOHN DOES 1-200,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING DOE DEFENDANTS**<br><br>Case No. 2:14-cv-781-DB<br><br>District Judge Dee Benson |

This matter is before the court on a Motion to Dismiss filed by the Swift Defendants[1] and the Driver Defendants.[2] (Dkt. No. 22.) Defendants' motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Defendants argue that this action, which is in this court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, should be dismissed because Plaintiff failed to plead the citizenship of the 200 John Does included as Defendants. Defendants argue that the failure to plead the diversity of Doe defendants destroys complete diversity and, as such, jurisdiction is not established. *See Van de Grift v. Higgins*, 757 F. Supp.2d 1139, 1141 (D. Utah 2010).

---

[1] The Swift Defendants include Swift Transportation Company, Swift Transportation Co. of AZ, LLC, and Swift Transportation Services, LLC.

[2] The Driver Defendants include Johnny Fowler, Alfonso Ruiz, Akima Brooks, and Anderson Comer—the only individual defendants who had been served as of the date of the filing of the motion.

In its response, Plaintiff notes that courts are divided as to whether the citizenship of Doe defendants must be considered when determining diversity and that the issue has yet to be resolved by the Tenth Circuit. Plaintiff further states in its opposition that the court may "exercis[e] its authority to dismiss the wholly dispensable Doe defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure" and that Plaintiff "does not object to such an action by the court, which would unquestionably preserve diversity jurisdiction while promoting judicial economy and avoiding difficult legal issues." (Pl. Opp. at 3.)

Given Plaintiff's assertion that the Doe defendants are "wholly dispensable" and that Plaintiff does not oppose dismissal of the Doe defendants, the court hereby DISMISSES the John Doe Defendants and Defendants' Motion to Dismiss is, therefore, DENIED.

DATED this 26th day of May, 2015.

BY THE COURT:

_____
Dee Benson
United States District Judge

2