# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. ENGLAND, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY, a Delaware corporation, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company, SWIFT TRANSPORTATION SERVICES, LLC, a Delaware limited liability company, JOHNNY FOWLER, an individual, KEVIN WHITLEY, an individual, ALFONSO RUIZ, an individual, AKIMA BROOKS, an individual, and ANDERSON COMER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Civil No. 2:14-CV-781-DB<br><br>Judge Dee Benson |

Before the court is a Motion for Summary Judgment filed by Defendants Swift Transportation Company, Swift Transportation Co. of AZ, LLC, and Swift Transportation Services, LLC ("Swift"). (Dkt. No. 81.) The court held a hearing on the Motion on March 21, 2017. (Dkt. No. 146.) At the hearing, Plaintiff was represented by Scott Hagen and Calvin R. Winder, and Swift was represented by Stephen E. W. Hale.

Also before the court is Plaintiff C.R. England, Inc.'s ("England") Motion for Rule 41(a)(2) Dismissal. (Dkt. No. 188.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-

1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  DUCivR 7-1(f).

**FACTUAL AND PROCEDURAL BACKGROUND**

England enters into employment contracts with its truck drivers who have participated in England's training program or another training program at England's expense. The agreements provide that the driver will work exclusively for England for a nine-month period of time, and that the driver will not work for any other competing trucking company during that same nine-month period of time. (Complaint, Dkt. No. 2, ¶ 27.)  Each agreement also provides that England will forgive the driver's tuition debt if the driver completes the nine-month period of exclusive driving for England. (*Id.*)

On October 28, 2014, England filed suit against Swift alleging that it gave notice of these agreements to Swift, and that Swift intentionally hired the truck drivers still under contract with England anyway. (*Id.* ¶¶ 27-29.) England brought claims against Swift for Tortious Interference with Contract, Tortious Interference with Prospective Economic Advantage, Unjust Enrichment, and Civil Conspiracy. (*Id.*, ¶¶ 108-45.)

On April 27, 2016, Swift filed a motion for summary judgment. (Dkt. No. 81.) Swift argued that England's claims for tortious interference and civil conspiracy should be dismissed either because the driver agreements at issue were unenforceable, or because England failed to allege that Swift interfered with England's business relationships by "improper means." Swift also argued that England's claim for unjust enrichment should be dismissed because it was not a

proper measure of damages for the claims alleged, and that it was unsupported by the facts alleged by England.

The court held oral argument on the Motion for Summary Judgment on March 21, 2017. At the conclusion of the hearing, the court asked for further briefing on the required elements of a claim for intentional interference with contract in light of conflicting holdings in this court. The parties filed simultaneous briefs on this issue on April 21, 2017. (Dkt. Nos. 153, 154.) After reviewing the briefing submitted by the parties, the court issued an Order Certifying Questions to the Utah Supreme Court, pursuant to Rule 41 of the Utah Rules of Appellate Procedure, requesting clarification as to whether the tort of intentional interference with contract requires proof of "improper means" under Utah law, and, if so, what constitutes "improper means." (Dkt. No. 166.) On August 2, 2017, the court stayed this case pending the Opinion of the Utah Supreme Court. (Dkt. No. 174.)

On February 27, 2019, the Utah Supreme Court issued its Opinion. (*C.R. England v. Swift*, 2018 UT 8 (2018); Dkt. No. 179.) The Court held that "improper means" is a required element of a claim of tortious interference. (*Id.*) The Court also clarified that "to prove the element of improper means based on an alleged violation of an established industry rule or standard, the plaintiff must provide evidence of an *objective*, industry-wide standard." (*Id.*) This matter was remitted to this court on March 26, 2019. (Dkt. No. 181.)

On May 1, 2019, England moved for leave to file supplemental briefing regarding its undue enrichment claim. (Dkt. No. 182.) The court denied that motion on July 22, 2019. (Dkt. No. 188.)

On July 25, 2019, England filed a Motion for Rule 41(a)(2) Dismissal of its tortious interference claims (Counts II and III). (Dkt. No. 188.) England acknowledged that the allegations in those counts were insufficient to satisfy the "improper means" element of either intentional interference tort following the Opinion of the Utah Supreme Court clarifying the standard. (*Id.* at 3.) England stated that it did not seek leave to amend to assert some other "improper means" and that the dismissal would be with prejudice. (*Id.* at 3-4.) Swift opposed the Motion, arguing that England's motion did not truly seek dismissal with prejudice, but rather sought voluntary dismissal so that it could pursue the same claims in other fora. (Dkt. No. 193 at 2-3.)

## DISCUSSION

*Motion for Rule 41 Dismissal*

Federal Rule of Civil Procedure 41(a)(2) provides that after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Factors relevant to the legal prejudice analysis include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*

England's reason for seeking dismissal is clear: the Utah Supreme Court clarified the standard for tortious interference torts under Utah law, and England acknowledges that it does

not have sufficient facts to satisfy that standard. Accordingly, although this case was filed in 2014, the reason to file a motion to dismiss did not arise until the Utah Supreme Court issued its opinion in February of 2019. As a result, the timing of England's motion could not constitute excessive delay sufficient to legally prejudice Swift. Furthermore, this case has been stayed for the last year and a half in anticipation of the Opinion of the Utah Supreme Court. Thus, the parties have not been actively litigating this case or preparing for trial. All of the factors weigh in favor of dismissal, and there is no legal prejudice to Swift in granting England's Rule 41 Motion. Accordingly, England's Rule 41 Motion is hereby granted, and England's claims for tortious interference under Utah law (Claims II and III) are dismissed with prejudice.

*Motion for Summary Judgment*

Having dismissed England's second and third claims pursuant to England's Rule 41 Motion, the court must consider Swift's Motion for Summary Judgment with respect to England's remaining claims: Unjust Enrichment and Civil Conspiracy (Claims IV and V).

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there must be

evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

To establish a claim for unjust enrichment under Utah law, a Plaintiff must show: "(1) the defendant received a benefit; (2) an appreciation or knowledge by the defendant of the benefit; (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying for it." *Emergency Physicians Integrated Care v. Salt Lake County*, 2007 UT 72 ¶ 10, 167 P.3d 1080, 1083 (citations omitted). "[I]t is not enough that a benefit was conferred on the defendant, rather, the enrichment to the defendant must be unjust in that the defendant received a true windfall or 'something for nothing.'" *Id*. ¶ 26. A claim for unjust enrichment is an equitable remedy "used only when no express contract is present." *TruGreen Companies v. Mower Bros., Inc.*, 2008 UT 81, ¶ 18, 199 P.3d 929, 933.

England claims that Swift is liable for unjust enrichment because Swift hired England's drivers while they were still under contract with England. This argument fails for two reasons. First, England has an express contract and remedy at law for the loss of its drivers: the Driver Agreements. Where an express agreement exists, the equitable remedy of unjust enrichment is inappropriate. Second, England has failed to establish that Swift hired its drivers "under circumstances that would make it unjust for the defendant to retain the benefit without paying for it." *Emergency Physicians*, 167 P.3d at 1083. Accordingly, Swift's Motion with respect to England's claim for unjust enrichment is granted.

Finally, a "claim for civil conspiracy 'require[s], as one of its essential elements, an underlying tort.'" *Pattuck v. Gendron*, 2008 UT App 362, ¶ 21. Furthermore, "[i]f the object of

6

the alleged conspiracy or the means used to attain it is lawful, even if damage results to the plaintiff or the defendant acted with a malicious motive, there can be no action for conspiracy." *Peterson v. Delta Air Line*, 2002 UT App 56 ¶ 12. England has acknowledged that its claims for tortious interference fail, and the court has determined that its unjust enrichment claim is similarly deficient. Accordingly, England's claim for civil conspiracy is also properly dismissed.

## CONCLUSION

For the foregoing reasons, England's Motion for Rule 41(a)(2) Dismissal (Dkt. No. 188) is GRANTED, and Swift's Motion for Summary Judgment (Dkt. No. 81) is GRANTED with respect to England's remaining claims. This action is hereby DISMISSED with prejudice.

DATED this 16th day of October, 2019.

BY THE COURT:

Hon. Dee Benson
United States District Judge